UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RICHARD WAGNER, Individually and For Others Similarly Situated,** | Case No. 1:22-cv-01772 |
| v. | **JURY TRIAL DEMANDED** |
| **ALLIED POWER SERVICES, LLC** | **COLLECTIVE ACTION COMPLAINT** |

## SUMMARY

1. Allied Power Services, LLC (Allied) failed to pay Richard Wagner (Wagner) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, Allied paid Wagner and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or, "straight time for overtime").

3. Wagner brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

6. Wagner worked for Allied in this District during the relevant time period.

## THE PARTIES

7. During the relevant time period, Wagner was an hourly employee of Allied.

8. Throughout his employment with Allied, Wagner was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

9. His written consent is attached herein as <u>Exhibit A</u>.

10. Wagner brings this Action on behalf of himself and other similarly situated power plant employees who were paid by Allied's "straight time for overtime" system.

11. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All hourly employees of Allied Power Services during the past 3 years who were paid straight time for overtime (the "Putative Class Members").**

12. Wagner seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

13. The Putative Class Members are easily identifiable by Allied's pay records and timesheets.

14. Allied is a limited liability corporation incorporated in Delaware.

15. Allied may be served with process by serving its registered agent CT Corporation System, 208 South LaSalle St, Suite 814, Chicago, IL 60604.

## COVERAGE UNDER THE FLSA

16. At all times hereinafter mentioned, Allied was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, Allied was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, Allied was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce

or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. Allied has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

20. At all times hereinafter mentioned, Wagner and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

21. Allied provides staffing services for the power industry.

22. In order to provide services to its clients, Allied hires employees it pays on an hourly basis.

23. Wagner works for Allied as a Project Lead.

24. Wagner would review materials being purchased, review construction of work packages.

25. Wagner would ensure other construction workers were following known safety and construction standards.

26. Wagner was employed by Allied from November 2018 to May 2020.

27. Wagner was paid roughly $78 an hour for every approved hour worked.

28. Wagner was an hourly employee of Allied.

29. Wagner is not guaranteed a salary.

30. Wagner is not guaranteed a salary which is reasonably related to what he actually earned.

31. Wagner was staffed by Allied to the Exelon power plant in Illinois.

32. Wagner reported the hours he worked to Allied on a regular basis.

33. If Wagner worked under 40 hours, he is only paid for the hours he worked.

34. But Wagner would often work more than 40 hours in a week.

35. For example, in the one-week period ending on April 26, 2020, Wagner worked 84 hours.

36. During that week, Wagner was paid his hourly rate of $78.82 an hour for all hours worked.

37. He worked 44 hours of overtime during that week.

38. The hours Wagner worked are reflected in Allied's payroll records.

39. Allied paid Wagner the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

40. Allied did not pay Wagner overtime for all hours worked in excess of 40 hours in a single workweek.

41. Rather than receiving time and half as required by the FLSA, Wagner only received "straight time" pay for overtime hours worked.

42. This "straight time for overtime" payment scheme violates the FLSA.

43. Allied is aware of the overtime requirements of the FLSA.

44. Allied has been sued for this same pay practice.

45. Even after being sued, Allied continued to pay certain hourly employees, such as Wagner, "straight time for overtime".

46. Upon information and belief, Allied changed its pay practice in mid-2021 to compensate these power plant workers at time and a half.

47. Wagner and the Putative Class Members perform job duties in furtherance of the power industry business sector and were subjected to similar compensation practices.

48. Wagner and the Putative Class Members also work similar hours and were denied overtime because of the same illegal pay practice.

49. Wagner and the Putative Class Members regularly work in excess of 40 hours each week.

50. Allied does not pay Wagner and the Putative Class Members on a salary basis because any guaranteed salary is not reasonably related to the amounts the Putative Class Members actually earn.

51. Allied paid Wagner and the Putative Class Members "straight time for overtime."

52. Allied failed to pay Wagner and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

53. Allied did not investigate whether or not Wagner and the Putative Class Members were its employees for purposes of the FLSA.

54. Allied did not investigate the legality of its classification of Wagner and the Putative Class Members as exempt from the overtime requirements of the FLSA.

55. Allied did not conduct an audit to determine whether Wagner and the Putative Class Members were its employees under the FLSA.

56. Allied was aware of the hours worked by Wagner and the Putative Class Members.

57. Allied was aware Wagner and the Putative Class Members worked in excess of 40 hours in a workweek.

58. Allied failed to pay certain hourly employees, such as Wagner, time and a half for overtime hours worked in a single workweek.

59. Allied recklessly disregarded its FLSA obligations.

60. Allied's failure to pay overtime to these hourly workers was a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

61. The illegal pay practices Allied imposed on Wagner are imposed on the Putative Class Members.

62. Numerous individuals were and are victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

63. Numerous other individuals who work with Wagner were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

64. Based on his experiences and tenure with Allied, Wagner is aware that Allied's illegal practices were and are imposed on the Putative Class Members.

65. The Putative Class Members are not paid overtime when they worked more than 40 hours per week.

66. Allied's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

67. Wagner's experiences are therefore typical of the experiences of the Putative Class Members.

68. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

69. Wagner has no interests contrary to, or in conflict with, the Putative Class Members.

70. Like each Putative Class Member, Wagner has an interest in obtaining the unpaid overtime wages owed under federal law.

71. The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Allied.

72. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

73. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and Allied will reap the unjust benefits of violating the FLSA.

74. Furthermore, even if some Putative Class Members could afford individual litigation against Allied, it would be unduly burdensome to the judicial system.

75. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to Allied, and to the Court.

76. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

77. The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Allied required Wagner and the Putative Class Members to work more than 40 hours during individual work weeks;

   b. Whether Allied's decision to pay Wagner and the Putative Class Members straight time for overtime was made in good faith;

   c. Whether Allied paid Wagner and the Putative Class Members on a salary basis;

   d. Whether Wagner and the Putative Class Members' guaranteed salary is reasonably related to the amount they actually earn;

  e. Whether Allied's violation of the FLSA was willful; and

  f. Whether Allied's illegal pay practices were applied to Wagner and the Putative Class Members.

78. Wagner and the Putative Class Members sustained damages arising out of Allied's illegal and uniform employment policy.

79. Wagner knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

80. Wagner will fairly and adequately represent and protect the interests of the Putative Class Members.

81. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## CAUSE OF ACTION

82. By failing to pay Wagner and the Putative Class Members overtime at one-and-one-half times their regular rates, Allied violated the FLSA's overtime provisions.

83. Allied owes Wagner and the Putative Class Members overtime pay at the proper overtime rate.

84. Because Allied knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Allied owes these wages for at least the past three years.

85. Allied is liable to Wagner and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

86. Wagner and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## **JURY DEMAND**

87. Wagner demands a Jury trial.

## **PRAYER**

88. Wagner prays for relief as follows:

   a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Putative Class Members;

   b. A judgment finding Allied liable to Wagner and the Putative Class Members for unpaid overtime and an equal amount as liquidated damages;

   c. An order awarding attorneys' fees, costs, expenses, and judgment interest; and

   d. An award of such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Douglas M. Werman*
Douglas M. Werman
One of Plaintiff's Attorneys

| | |
|---|---|
| Douglas M. Werman<br>Maureen A. Salas<br>**WERMAN SALAS P.C.**<br>77 W. WASHINGTON STREET, SUITE 1402<br>CHICAGO, IL 60602<br>(312) 419-1008 – Telephone<br>(312) 419-1025 – Facsimile<br>dwerman@flsalaw.com<br>msalas@flsalaw.com | Michael A. Josephson<br>Texas State Bar No. 24014780<br>Richard M. Schreiber<br>Texas State Bar No. 24056278<br>**JOSEPHSON DUNLAP, LLP**<br>11 GREENWAY PLAZA, SUITE 3050<br>HOUSTON, TEXAS 77046<br>(713) 352-1100 – Telephone<br>mjosephson@mybackwages.com<br>lrschreiber@mybackwages.com |
| Richard J. (Rex) Burch<br>Texas State Bar No. 24001807<br>**BRUCKNER BURCH, P.L.L.C.**<br>8 GREENWAY PLAZA, SUITE 1500<br>HOUSTON, TX 77046<br>(713) 877-8788 – Telephone<br>rburch@brucknerburch.com | |

9