UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RICHARD WAGNER, LESHEK VLODARCHYK, MICHAEL HOLMES,** individually and on behalf of other similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>**ALLIED POWER RESOURCES, LLC and ALLIED POWER SERVICES, LLC,**<br><br>Defendants. | Case No. 22-CV-1772<br><br>Hon. Steven C. Seeger |

ORDER GRANTING
FINAL APPROVAL OF CLASS SETTLEMENT

The Court preliminarily approved the Parties' Class Settlement (the Settlement) on October 17, 2023 (Doc. 80). In accordance with the preliminary approval order, Rule 23 Class Members have been given Court-approved notice of the terms of the Settlement. In addition, the Rule 23 Class Members have been given the opportunity to object to the Settlement or to exclude themselves from its provisions.

The Parties now seek final approval of their Class Settlement. Having received and considered the Settlement, the supporting papers filed by the Parties, the application for final approval of the Settlement of this class action, and the evidence and argument received by the Court at the final approval hearing on February 7, 2024 the Court grants final approval of the Parties' Class Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. For settlement purposes only, the Court finally certifies the following Settlement Class pursuant to the Parties' Settlement Agreement, and FED. R. CIV. P. 23:

**Rule 23 Class** – all individuals: (a) who were identified as temporary exempt employees who were employed by either of the Defendants in the Rule 23 States (Illinois, New York, Maryland, or Pennsylvania) at any time during the period between April 6, 2019 and February 21, 2021; and (b) whom Defendants paid "straight-time" hourly premium pay during this period between April 6, 2019 and February 21, 2021.

2. The Court confirms the appointment of Josephson Dunlap, LLP, Bruckner Burch PLLC, and Werman & Salas, P.C., as Class Counsel pursuant to Rule 23(g) because they meet all the requirements of Fed. R. Civ. P. 23(g). Class Counsel did substantial work identifying, investigating, prosecuting, and settling the Class Members' claims.

3. The Court finally appoints, for settlement purposes only, Plaintiffs Richard Wagner, Leshek Vlodarchyk, and Michael Holmes as the Class Representatives of the Rule 23 Class. They possess "the same interest[s] and suffer[ed] the same injur[ies] as the class members." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (internal quotation marks omitted).

4. The Court approved the proposed Class Notice to the Rule 23 Class Members. The documents were distributed pursuant to the process set out in the Settlement.

5. This process provided the Rule 23 Class Members with the "best notice practicable under the circumstances" per the requirements of FED. R. CIV. P. 23(c)(2)(B).

6. No Rule 23 Class Members filed written objections to the Settlement as part of this notice process or stated his or her intent to appear at the final approval hearing.

7. No Rule 23 Class Members requested exclusion from the Rule 23 Class and the Settlement.

8. The Court finds and determines that the Rule 23 Class, as defined above, meets all of the legal requirements for collective and class certification of a settlement class, and it is hereby ordered that the Rule 23 Class is finally approved and certified as a settlement class for purposes of settlement of this action.

9. The Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to the class and to each Rule 23 Class Member. The members of the Rule 23 Class who did not request exclusion shall be bound by the Settlement. The Settlement is finally approved, and all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

10. The Court hereby gives final approval to the payment of those amounts to be made to the Rule 23 Class Members who did not exclude themselves from the Settlement in accordance with the terms of the Settlement.

11. The Court hereby grants and approves Class Counsel's request for an award of attorneys' fees and costs in the amount of $742,500. This award of fees, made on the basis of a percentage of the fund, is consistent with the standard in cases of this type. *Gilliam v. Addicts Rehab. Ctr. Fund,* 2008 WL 782596, at *5 (S.D.N.Y. Mar. 24, 2008)*; see also, Frank v. Eastman Kodak Co.,* 228 F.R.D. 174 (W.D.N.Y. 2005) (awarding 38.26% of the fund as attorneys in a wage and hour case).

12. The Court hereby approves incentive awards in the amount of $5,000.00 each to Plaintiffs Richard Wagner, Leshek Vlodarchyk, and Michael Holmes as set out in the Settlement.

13. Each Rule 23 Class Member who did not timely exclude themselves from the Settlement as described in the Parties' Settlement Agreement, fully releases all Released State Law Claims:

> all claims, debts, obligations, guarantees, costs, expenses, attorneys' fees, demands, actions, rights, causes of action, and liabilities, whether known or unknown, and specifically including but not limited to unjust enrichment claims, arising under state statutes, regulations, or common law that accrued or arose during employment with either of the Defendants from November 19, 2018 through February 21, 2021 against any of the Released Parties that were or could have been asserted in the Complaint or Amended Complaint relating to the payment of wages, overtime wages, and deductions from those wages, for alleged unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, penalties (including late

payment penalties), interest, attorneys' fees, litigation costs, restitution or other compensation and relief. This release includes, but is not limited to, any and all such state law claims which were or which could have been asserted in the Civil Action, including for unjust enrichment, misrepresentation, or fraud relating to alleged unpaid overtime and alleged improper deductions, any failure to pay any type of overtime compensation, spread-of-hours pay, minimum wages, any failure to pay timely wages, including payment of wages at termination, any alleged deduction from wages and/or allegedly illegal payments by separate transaction, all claims for penalties or additional damages, including without limitation waiting time penalties. The State Law Claims include, but are not limited to, all such claims arising under the laws of Illinois, including the Illinois Minimum Wage Law (820 Ill. Comp. Stat. 105), the Illinois Wage Payment and Collection Act (820 Ill. Comp. Stat. 115), related Illinois wage regulations (56 Ill. Admin. Code §§ 210, 300), 820 Ill. Comp. Stat. 115/9, and 56 Ill. Admin. Code § 300.700 *et seq.;* Pennsylvania, including the Pennsylvania Minimum Wage Act, 43 Pa. Cons. Stat. §§ 333.101 *et seq.*; and the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. §§ 260.1 *et seq.*; New York, including New York Labor Law Article 19 and New York Labor Law Article 6; and Maryland, including the Maryland Wage and Hour Law, Md. Code Ann. Labor & Employment §§ 3-401 *et seq*. and the Maryland Wage Payment and Collection Law, Md. Code Ann. Labor & Employment §§ 3-501 *et seq*. (Released State Law Claims).

14. In addition, in accordance with the terms of the Settlement Agreement, any Rule 23 Class Member who cashes their Settlement Check will also waive any Federal Law Claims (as defined in the Settlement Agreement) that could be brought by such Rule 23 Class Member for the period of time running through February 21, 2021. Any Rule 23 Class Member who does not cash their Settlement Check will not waive or release their Federal Law Claims. The Court makes no finding or judgment as to the validity of any claims released under the Settlement or whether Defendant is liable under the FLSA or any other applicable law with regard to Rule 23 Class Members who do not waive their Federal Law Claims.

15. This Action and the claims alleged in the First Amended Class and Collective Action Complaint filed in the Action will be ordered dismissed with prejudice, with each side to bear its own costs and attorneys' fees, except as provided by the Settlement.

IT IS SO ORDERED.

Date: February 13, 2024 _____

Steven C. Seeger
United States District Judge

5